**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JUICE IT UP FRANCHISE CORPORATION,**

              **Plaintiff,**

**-vs-**                                        **Case No. 6:05-cv-1230-Orl-22KRS**

**INDIGO INVESTMENTS, INC.; INDIGO ENTERPRISES, LLC; YOOSOOF GARDEE; RASHIDA GARDEE; TARIQ GARDEE; and EBRAHIM GARDEE,**

              **Defendants.**
_____

## ORDER

This cause comes before the Court for consideration of motions to dismiss filed by Defendants Indigo Investments, Inc.; Yoosoof Gardee; Rashida Gardee; Tariq Gardee; and Ebrahim Gardee (Doc. 18), and Defendant Indigo Enterprises, LLC. (Doc. 20).

In Counts I through VII of the Complaint, Plaintiff Juice It Up Franchise Corporation sues Defendant Indigo Enterprises, LLC for trademark infringement, unfair competition, false designation of origin, and trademark dilution in violation of federal law, and for trademark infringement, unfair competition, and deceptive and unfair trade practices under Florida law. In Counts VIII and IX, Plaintiff sues Defendants Indigo Enterprises, LLC and Indigo Investments, Inc. to set aside alleged fraudulent conveyances from the latter to the former. In the remaining counts, Counts X and XI, Plaintiff sues the individual Defendants, Yoosoof Gardee, Rashida Gardee, Tariq Gardee, and Ebrahim Gardee for breach of fiduciary duty and

conspiracy to defraud, largely arising from their alleged involvement in the claimed fraudulent conveyances.

By means of the present motions, the movants seek dismissal of Counts VIII through XI, the counts relating to the alleged fraudulent conveyances. The movants acknowledge that this Court has jurisdiction over the federal claims asserted in Counts I through IV; they also concede that the Court has "pendent" jurisdiction over the claims asserted in Counts V through VII. However, they urge the Court to dismiss Counts VIII through XI on the ground that these counts, essentially based on the alleged fraudulent conveyances, are not sufficiently related to the infringement-based claims such that they should proceed forward together in this lawsuit. This Court agrees. In its discretion pursuant to 28 U.S.C. § 1367(c), the Court declines to exercise supplemental jurisdiction over Counts VIII through XI.

Title 28, United States Code, Section 1367 codifies the doctrines formerly known as pendent and ancillary jurisdiction. *Palmer v. Hosp. Auth. of Randolph County*, 22 F.3d 1559, 1562 n.3 (11th Cir. 1994); *James v. Sun Glass Hut of Cal., Inc.*, 799 F. Supp. 1083, 1084 (D. Colo. 1992). Section 1367(c) lists specific circumstances in which a district court may decline to exercise supplemental jurisdiction over a state law claim joined with a claim over which the court has original jurisdiction. The district court may refuse to exercise supplemental jurisdiction if, *inter alia*, the state claim raises a "novel or complex issue of State law" or "substantially predominates over" the claim over which the Court has original jurisdiction. 28 U.S.C. § 1367(c)(1) & (2). Additionally, a district court may decline to exercise jurisdiction over a state claim if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." § 1367(c)(4). If, after examining the factors listed in § 1367(c), the

district court "decides that it has the discretion . . . to decline jurisdiction . . . , it should consider the traditional rationales for pendent jurisdiction, including judicial economy and convenience, in deciding whether or not to exercise that jurisdiction." *Palmer*, 22 F.3d at 1569.

Courts considering supplemental jurisdiction have declined to exercise jurisdiction in cases in which the state claims require different or foreign elements of proof. *See James*, 799 F. Supp. at 1085 (declining to exercise supplemental jurisdiction over employee's state law claims where they substantially predominated over ADEA claim). Additionally, courts in this circuit have hesitated to exercise pendent jurisdiction over state claims which would only serve to introduce jury confusion and delay. *See Bennett v. Southern Marine Mgmt. Co.*, 531 F. Supp. 115, 117-18 (M.D. Fla. 1982) (combining Title VII and state tort and contract claims would cause confusion and delay, which is at odds with important federal policies underlying Title VII); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982) (affirming trial judge's exercise of discretion not to assert pendent party jurisdiction and deference to state court's resolution of the state law claim of assault and battery).

Counts I through VII allege wrongs committed by only one of the defendants, Indigo Enterprises, LLC, and all of the claims asserted in those counts arise from that particular defendant's alleged improper use of the Plaintiff's trademarks. In contrast, Counts VIII through XI raise distinctly different claims arising from alleged fraudulent transfers of assets for the asserted purpose of defrauding creditors. Moreover, Counts VIII through IX introduce other defendants (including individuals) not named in the first seven counts. The Court believes the claims advanced in Counts VIII through XI are markedly dissimilar from the infringement-based claims. Whether the assets transfers were fraudulent is essentially irrelevant to the

infringement-based claims. By the same token, the fraudulent conveyance-based claims do not depend on proof of infringement. The court believes the elements of proof and evidence associated with Counts VIII through XI are so different from those associated with the infringement-based claims that trying all of the claims together would confuse the issues and unduly complicate this case. In order to prove its fraud-based claims, Plaintiff would undoubtedly offer evidence irrelevant to the infringement-based claims, and this evidence might well cause Defendant Indigo Enterprises, LLC undue prejudice. In sum, the Court deems it unwise to combine an infringement action with a fraudulent conveyance "mini-trial."

Accordingly, the Court determines that this case presents exceptional circumstances compelling the Court to decline to exercise jurisdiction over Counts VIII through XI of the Complaint. After considering the other factors identified in *Palmer v. Hospital Authority of Randolph County*, the Court determines that the exercise of supplemental jurisdiction over these state law claims would not be appropriate.

Based on the foregoing, it is ORDERED as follows:

1. Defendants' Indigo Investments, Inc.; Yoosoof Gardee; Rashida Gardee; Tariq Gardee; and Ebrahim Gardee's Motion to Dismiss (Doc. 18), filed September 28, 2005, is GRANTED.

2. Defendant Indigo Enterprises, LLC's Motion to Dismiss Counts VII [sic], IX, X and XI of the Complaint (Doc. 20), filed September 28, 2005, is GRANTED.

3. Pursuant to 28 U.S.C. § 1367(c), this Court declines to exercise supplemental jurisdiction over Counts VIII through XI of the Complaint. Those counts are DISMISSED, WITHOUT PREJUDICE.

    4. The Clerk shall terminate Defendants Indigo Investments, Inc.; Yoosoof Gardee; Rashida Gardee; Tariq Gardee; and Ebrahim Gardee as parties to this action.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on October 26, 2005.

_____
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party